GIESE vs. SCHULTZ.

*November 5 — November 22, 1881.*

DAMAGES *for breach of promise accompanied by seduction.*

In an action for breach of a promise of marriage, where it is alleged that defendant, by virtue of such promise, seduced the plaintiff and got her with child, plaintiff's loss of virtue and of reputation, and her mental suffering caused thereby, may be considered in estimating the damages, *but not her loss of time or the expenses of medical or other attendance.*
    COLE, C. J., dissents.

APPEAL from Municipal Court of the *City of Ripon.* The case is stated in the opinion.

For the appellant there was a brief by *Cotzhausen, Sylvester & Scheiber*, and oral argument by *Mr. Cotzhausen*.

The cause was submitted for the respondent on the brief of *E. L. Runals*.

LYON, J. Action to recover damages for the breach of an alleged agreement by the defendant to marry the plaintiff. The plaintiff recovered, and the defendant appeals. The complaint avers that " the defendant, under. and in faith of said marriage contract and promise to marry, and by aid thereof, and his persuasions thereunder, seduced, debauched and carnally knew the plaintiff, and got her with child." The plaintiff testified in her own behalf, on the trial, to the alleged seduction; also that her grief thereat, the defendant's neglect, and her work, caused a miscarriage, and that she was sick several days by reason thereof, and had to call a physician and have attendants.

Several errors are assigned, but it is deemed necessary to pass on but one of them. At the request of the plaintiff the judge charged the jury as follows: " If the jury are satisfied from the evidence that the defendant promised to marry the plaintiff, as charged in the complaint, the plaintiff is entitled to recover damages for the loss which she has sustained, and the damages will include injury to her feelings, affections and wounded pride, as well as loss of marriage; and if, in addition to this, you should find that the defendant seduced the plaintiff under a promise of marriage, and got her with child, you will, in addition to the damages I have named, take into account this fact, and give such damages as she has sustained by reason of that additional injury." Although some courts of great authority have held that seduction under promise of marriage cannot be shown to increase the damages in an action for the breach of such promise, yet the weight of authority seems to be that proof of such seduction is admissible for that purpose. Such was the ruling of this court in *Leavitt v.*

*Cutler*, 37 Wis., 54. The rule approved in that case is, that the damages in an action like this may be increased by the fact of the seduction so as to give the plaintiff a fair, liberal compensation " for mental suffering, injury to reputation, and loss of virtue " thus sustained by her.

It is believed that none of the cases go beyond this, and, on principle, it would seem that the rule as stated includes all the elements of proximate injury resulting from the breach of the promise of marriage, if, indeed, it does not go beyond the line of proximate injury. Other elements of injury, such as loss of time, expenses of medical and other attendance, and the like, might be held proximate, and might therefore increase the damages, in an action of trespass *per quod servitium amisit*, in which the seduction of the servant is proved in aggravation of the damages. In that form of action the loss of service caused by the seduction is the primary cause of action, and of course such loss is proximate. And the same may be said of the expenses which are the direct result of the act which caused the loss of service. But in this case the cause of action is further removed from the injuries just mentioned. The breach of the promise of marriage is the foundation of the action; the seduction is the result of such promise,— perhaps proximate,— although, but for the authorities, that might well be doubted; but the loss of service and expenses of sickness, which might or might not result from the seduction, are certainly not the proximate results of the breach of promise, although they may be of the seduction.

Whether these views are sound or not, the authorities do not permit us to extend the rule of *Leavitt v. Cutler* to include elements of damage resulting from the seduction other than the loss of virtue and reputation, and the mental suffering and sense of disgrace, caused thereby. We think the learned judge of the court below gave the jury too broad a rule of damages. He very properly instructed them that, failing to find a promise of marriage as alleged, their verdict

should be for the defendant notwithstanding the seduction. But as grounds of damages, should they find such promise, he virtually treated the seduction as a substantive cause of action, by the instruction that the plaintiff was entitled to recover "such damages as she has sustained by reason of that additional injury." We find no qualification of this broad, general language in the charge. The jury might well have understood that, finding the promise and breach thereof, it was their duty to assess against defendant damages for losses and injuries of every kind and description which the plaintiff suffered by reason of the seduction. We cannot know that the error did not materially enhance the damages. Because it may have had that effect, there must be another trial.

*By the Court.* — Judgment reversed, and cause remanded for a new trial.

COLE, C. J., dissents.